IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW T. WELLS, ) | |
| ) | |
|     Petitioner/Defendant, ) | |
| ) | CIVIL NO. 09-cv-30-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 09-cr-40079 |
| UNITED STATES of AMERICA, ) | |
| ) | |
|     Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

**BACKGROUND**

Petitioner pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and was sentenced to 180 months imprisonment. *United States v. Wells*, Case No. 09-cr-40079 (S.D. Ill.).

On August 12, 2004, Petitioner and the Government entered into written plea agreement. *Id.* (Plea Agreement filed Aug. 12, 2004). Concerning Petitioner's sentence, the plea agreement stated that "[t]he Government and Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of 33 and a Criminal History Category of III, where the sentencing range is 168-210 months." *Id.* The plea agreement further stated that:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided

> in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or any grounds whatever, including abt irdered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

*Id*.

### THE MOTION

In the instant § 2255 motion, Petitioner contends that his trial counsel was ineffective "for failing to challenge the enhancements at sentencing used to increase [his] sentence" and that his trial counsel was ineffective for failing to file a notice of appeal thereby denying Petitioner "his constitutional right to directly appeal the sentence." Petitioner further contends that the statute of limitations for commencing his § 2255 motion should be equitably tolled because between the time of his sentencing on November 19, 2004, up until October 2008, he "was under the impression from his counsel that his cases was [sic] still being reviewed under his initial Direct Appeal."

### DISCUSSION

Since the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a one year statute of limitations applies to motions brought under § 2255. Where - as here - Petitioner did not file for direct appeal, the statute of limitations bars any § 2255 action commenced one year and ten days after sentencing. 28 U.S.C. § 2255; Fed. R. App. P. 4 (appeal in a criminal case must be filed within ten days of entry of judgment).

In the instant case, the Petitioner was sentenced on November 19, 2004. He filed no direct appeal. Therefore, for purposes of § 2255, the Petitioner's conviction became final on November 29, 2005. Petitioner did not file the instant § 2255 action until January 9, 2009, over 3 years too late.

The Seventh Circuit Court of Appeals has found that the common law doctrine of equitable tolling may apply to § 2255 actions which would permit a late filing when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).  However, neither attorney non-responsiveness, *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), or attorney negligence, *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999), warrant equitable tolling.

In the case at hand, Petitioner argues that equitable tolling should apply because he was unaware - for nearly four years - that his attorney did not file a notice of appeal.  As noted above, neither attorney non-responsiveness nor attorney negligence constitutes and "extraordinary circumstance" which would warrant the application of equitable tolling in this case.  Furthermore, even with his incarceration Petitioner could check either with the Clerk of this Court or the Court of Appeals to see whether an appeal had been filed.  Thus, Petitioner's § 2255 motion is time barred..

Even if this Court found that the doctrine of equitable tolling applied, the Court must still summarily dismiss the motion.  As noted above, Petitioner waived his right to challenge his sentence on direct appeal or by means of a § 2255 motion.  The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed.  *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.  *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct.  The maximum penalty for conspiring to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamie  is life imprisonment.  21 U.S.C. §§ 841(b)(viii) and 846. Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 168 to 210 months; Petitioner was sentenced to 180 months.  There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced him above the statutory maximum.

Because the instant § 2255 is untimely and because the waiver provisions of a plea agreement are enforceable, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED**.

Dated: 11/6/2009

s/ J. Phil Gilbert
**U. S. District Judge**